UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CLIFTON HINDS,<br><br>        Plaintiff(s),<br><br>  v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,<br><br>        Defendant(s). | Case No. 2:15-CV-492 JCM (NJK)<br><br>ORDER |

  Presently before this court is an ex parte application for an emergency restraining order and preliminary injunction filed by plaintiff Clifton Hinds. (Doc. # 1-1 pp. 69–95). Defendant BSI Financial Services, Inc. (hereinafter "BSI") filed a response. (Doc. # 4).

**I. Background**

  At the onset, the court notes that Hinds has provided no recitation of the facts for this case in either his complaint or his application for emergency injunctive relief. The court must therefore rely on the facts BSI has provided.

  This case arises out of foreclosure proceedings on the real property located at 4517 Ranch Foreman Road, North Las Vegas, Nevada 89032 (hereinafter "the property"). (Doc. # 4 p. 2). Shelia Gloekler purchased the property on or about June 13, 2008. (*Id.* at 3). Gloekler executed a first-position deed of trust on the property, which was recorded on June 13, 2008, and secured a promissory note.

  Countrywide Bank, FSB (hereinafter "Countrywide") was the lender in the transaction and Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS") was Countrywide's nominee beneficiary. (*Id.* at 3). Reconstruct Company was assigned as the trustee. (*Id.*). The trustee was subsequently reassigned several times, resulting in Quality Loan Services Corp. (hereinafter

**James C. Mahan**
**U.S. District Judge**

1  "Quality Loan") being assigned as the trustee as of September 24, 2013. (*Id.* at 3–4, Exh E).
2  Similarly, the beneficial interest under the deed of trust was reassigned multiple times, resulting
3  in beneficial interest resting with Cam VII Trust (hereinafter "Cam VII"). (*Id.* at 4, Exh F–G).

4  In the interim, Gloekler conveyed the property to an entity listed as 4517 Ranch Foreman
5  Rd, LLC (hereinafter "Ranch Foreman"). (*Id.* at 3, Exh D). The Nevada secretary of state lists no
6  record of Ranch Foreman existing as a limited liability company or any other form of business
7  entity. (*Id.* at 4). The Clark County assessor still lists Ranch Foreman as the current property owner.
8  (*Id.*).

9  On June 23, 2014, Quality Loan recorded a notice of default on the property. (*Id.* at 4–5).
10 On September 1, 2014, a certificate from the State of Nevada Foreclosure Mediation Program was
11 recorded on the property, permitting CAM VII to proceed with the foreclosure. (*Id.* at 5). On
12 February 4, 2015, a notice of trustee's sale was recorded against the property, setting the sale for
13 March 3, 2015. (*Id.*).

14 However, before CAM VII could complete foreclosure and sale, two individuals claiming
15 to each have a five percent interest in the property filed separate Chapter 13 bankruptcy petitions
16 on December 9, 2014, and January 1, 2015. (*Id.*). Automatic stays were issued pursuant to 11
17 U.S.C. § 362. The bankruptcy court in the Central District of California lifted the first stay on
18 February 11, 2015 (*Id.*, Exh L). The bankruptcy court in the District of Nevada set a hearing on
19 the second stay for March 20, 2015. (*Id.* at 6). The status of this second stay is unclear to the court.

20 On February 25, 2015, Hinds filed the instant case *pro se* in the Eighth Judicial District of
21 Clark County, Nevada, and defendants removed the case to this court. (Doc. # 1-1). His complaint
22 included the ex parte application for an emergency restraining order and preliminary injunction,
23 which the court now addresses.

24 **II.     Analysis**

25 The court acknowledges that the complaint and the instant motion were filed *pro se* and
26 are therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A
27 document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully
28 pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.")

**James C. Mahan**
**U.S. District Judge**

(internal quotations and citations omitted). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

The court does not reach the merits of Hinds' request for injunctive relief, because he has failed to establish that he has standing in this case. "Standing is 'an essential and un-changing part of the case-or-controversy requirement of Article III [of the U.S. Constitution].'" *McDermott v. Donahue*, No. 2:11-CV-00311-MJP, 2011 WL 742550, at *1 (W.D. Wash. Feb. 23, 2011) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)) (alteration in original). "Standing requires a plaintiff to show (1) injury-in-fact (an actual or imminent harm that is concrete and particularized), (2) causation, and (3) redressability." *Id.* (citing *Lujan,* 504 U.S. at 560).

BSI asserts that Hinds cannot establish standing in this case, because he neither owns the property nor has any recordable interest in it. After searching through the exhibits both parties presented, the court can find no evidence that Hinds has any ownership interest directly in the property or in the purported limited liability company that is listed as the current owner. Hinds therefore cannot show that the foreclosure and sale of the property will cause him some form of cognizable injury and thus cannot establish standing in this case.

Accordingly, the court denies without prejudice Hinds' ex parte application for an emergency restraining order and preliminary injunction. The court further urges him to provide a recitation of the facts in his responses to the motions to dismiss filed by defendants Bank of America, N.A., (doc. # 5), and BSI, (doc. # 10), and explain his alleged interest in the property.[1]

. . .

. . .

. . .

. . .

. . .

. . .

---

[1] Neither of these motions are yet ripe, and the court therefore does not address them at this time.

**James C. Mahan**
**U.S. District Judge**

- 3 -

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Hinds' ex parte application for an emergency restraining order and preliminary injunction, (doc. # 1-1 pp. 69–95), be, and the same hereby is, DENIED without prejudice.

DATED April 3, 2015.

_____
UNITED STATES DISTRICT JUDGE