UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CLIFTON HINDS, | Case No. 2:15-CV-492 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al., | |
| Defendant(s). | |

Presently before the court is defendant Bank of America, N.A.'s ("BOA") motion to dismiss plaintiff's complaint. (Doc. # 5). Defendants Mortgage Electronic Registration Systems ("MERS") and Quality Loan Service Corporation ("Quality Loan") joined BOA's motion to dismiss. (Docs. ## 11, 12). Plaintiff has not filed a response and the deadline to do so passed on April 12, 2015.

Also before the court is defendant BSI Financial Services, Inc.'s ("BSI") motion to dismiss. (Doc. # 10). Quality Loan joined BSI's motion to dismiss. (Doc. # 12). Plaintiff has not filed a response and the deadline to do so passed on April 17, 2015.

Finally, before the court is defendant Quality Loan Service Corporation's ("QLS") motion to dismiss. (Doc. # 12). Plaintiff has not filed a response and the deadline to do so passed on April 20, 2015.

**I.    Background**

At the onset, the court notes that plaintiff Hinds provided no recitation of the facts for this case in either his complaint or his previous application for emergency injunctive relief. The court must therefore rely on the facts the defendants have provided.

**James C. Mahan**
**U.S. District Judge**

This case arises out of foreclosure proceedings on the real property located at 4517 Ranch Foreman Road, North Las Vegas, Nevada 89032 ("the property"). (Doc. # 4 p. 2). Sheila Gloekler purchased the property on or about June 13, 2008. (*Id.* at 3). Gloekler executed a first-position deed of trust on the property, which was recorded on June 13, 2008, and secured a promissory note.

Countrywide Bank, FSB ("Countrywide") was the lender in the transaction and MERS was Countrywide's nominee beneficiary. (*Id.* at 3). Reconstruct Company was assigned as the trustee. (*Id.*). The trustee was subsequently reassigned several times, resulting in Quality Loan being assigned as the trustee as of September 24, 2013. (*Id.* at 3–4, Exh E). Similarly, the beneficial interest under the deed of trust was reassigned multiple times, resulting in beneficial interest resting with Cam VII Trust ("Cam VII"). (*Id.* at 4, Exh F–G).

In the interim, Gloekler conveyed the property to an entity listed as 4517 Ranch Foreman Rd, LLC ("Ranch Foreman"). (*Id.* at 3, Exh D). The Nevada secretary of state lists no record of Ranch Foreman existing as a limited liability company or any other form of business entity. (*Id.* at 4). The Clark County assessor still lists Ranch Foreman as the current property owner. (*Id.*).

On June 23, 2014, Quality Loan recorded a notice of default on the property. (*Id.* at 4–5). On September 1, 2014, a certificate from the State of Nevada Foreclosure Mediation Program was recorded on the property, permitting CAM VII to proceed with the foreclosure. (*Id.* at 5). On February 4, 2015, a notice of trustee's sale was recorded against the property, setting the sale for March 3, 2015. (*Id.*).

However, before CAM VII could complete foreclosure and sale, two individuals claiming to each have a five percent interest in the property filed separate Chapter 13 bankruptcy petitions on December 9, 2014, and January 1, 2015. (*Id.*). Automatic stays were issued pursuant to 11 U.S.C. § 362. The bankruptcy court in the Central District of California lifted the first stay on February 11, 2015. (*Id.*, Exh L). The bankruptcy court in the District of Nevada set a hearing on the second stay for March 20, 2015. (*Id.* at 6). The status of this second stay is unclear to the court.

**James C. Mahan**
**U.S. District Judge**

On February 25, 2015, Hinds filed the instant case *pro se* in the Eighth Judicial District of Clark County, Nevada, and defendants removed the case to this court. (Doc. # 1-1). His complaint included the ex parte application for an emergency restraining order and preliminary injunction, which this court denied on April 3, 2015. (Doc. # 13).

The court did not reach the merits of Hinds' request for injunctive relief, because he failed to establish that he had standing in this case. The court denied without prejudice Hinds' ex parte application for an emergency restraining order and preliminary injunction. In its order the court urged Hinds to provide a recitation of the facts in his responses to the motions to dismiss the court now considers. The court encouraged Hinds to include in his statement of facts an explanation of his alleged interest in the property. Hinds has been silent and has failed to respond to any of defendants' three motions to dismiss.

## II.    Discussion

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S. at 557). However, where there are well pled factual allegations, the court should assume their veracity and determine if they give rise to relief. *Id.* at 1950.

Pursuant to Local Rule 7-2, an opposing party must file points and authorities in response to a motion and failure to file a timely response constitutes the party's consent to the granting of the motion and is proper grounds for dismissal. *See* LR IB 7-2(d); *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). However, prior to dismissal, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

**James C. Mahan**
**U.S. District Judge**

- 3 -

Defendants assert that Hinds cannot establish standing in this case, because he neither owns the property nor has any recordable interest in it. Hinds has failed to file any responses to defendants' motions.

"Standing is 'an essential and un-changing part of the case-or-controversy requirement of Article III [of the U.S. Constitution].'" *McDermott v. Donahue*, No. 2:11-CV-00311-MJP, 2011 WL 742550, at *1 (W.D. Wash. Feb. 23, 2011) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)) (alteration in original). "Standing requires a plaintiff to show (1) injury-in-fact (an actual or imminent harm that is concrete and particularized), (2) causation, and (3) redressability." *Id.* (citing *Lujan,* 504 U.S. at 560).

After searching through the exhibits both parties presented, the court can find no evidence that Hinds has any ownership interest directly in the property or in the purported limited liability company that is listed as the current owner. Hinds therefore cannot show that the foreclosure and sale of the property will cause him some form of cognizable injury and thus cannot establish standing in this case.

Considering Hinds' failure to respond to any of defendants' motions to dismiss, failure to plead any facts to suggest he has standing to pursue this case, and weighing the factors identified in *Ghazali*, the court finds dismissal of plaintiff's complaint appropriate.

**III.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Bank of America, N.A.'s motion to dismiss plaintiff's complaint (doc. # 5), which defendants Mortgage Electronic Registration Systems and Quality Loan Service Corporation joined (docs. ## 11, 12), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED THAT defendant BSI Financial Services, Inc.'s motion to dismiss (doc. # 10), which defendant Quality Loan joined (doc. # 12), be, and the same hereby is, GRANTED.

**James C. Mahan**
**U.S. District Judge**

1  IT IS FURTHER ORDERED THAT defendant Quality Loan Service Corporation's motion to dismiss (doc. # 12), be, and the same hereby is, GRANTED.

The clerk is instructed to close the case.

DATED April 22, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**